JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Craig Kawaguchi

## DEFENDANTS
State Farm Mutual Automobile Insurance Company

**(b)** County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **McLean**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Hailey Tutton, Esquire    Morgan & Morgan
2005 Market Street, Suite 350    Philadelphia, PA 19103
445-201-8586

Attorneys *(If Known)*
Lauren Glynn, Esquire    Goldberg, Miller and Rubin
121 S. Broad Street, Suite 1600    Philadelphia, PA 19107
215-735-3994

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS - PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause: Pursuit of UIM Benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE: 05/14/2025

SIGNATURE OF ATTORNEY OF RECORD: *Lauren Glynn, Esquire*

**FOR OFFICE USE ONLY**

RECEIPT # ____    AMOUNT ____    APPLYING IFP ____    JUDGE ____    MAG. JUDGE ____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 655 School House Road    Telford, PA 18969

Address of Defendant: 1 State Farm Plaza    Bloomington, IL 61710

Place of Accident, Incident or Transaction: Welsh Road and Route 309    Horsham Township, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/14/2025    *Lauren Glynn, Esquire*    312038
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
   1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
   2. ☐ FELA
   3. ☐ Jones Act-Personal Injury
   4. ☐ Antitrust
   5. ☐ Patent
   6. ☐ Labor-Management Relations
   7. ☐ Civil Rights
   8. ☐ Habeas Corpus
   9. ☐ Securities Act(s) Cases
   10. ☐ Social Security Review Cases
   11. ☐ All other Federal Question Cases
       *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
   1. ☒ Insurance Contract and Other Contracts
   2. ☐ Airplane Personal Injury
   3. ☐ Assault, Defamation
   4. ☐ Marine Personal Injury
   5. ☐ Motor Vehicle Personal Injury
   6. ☐ Other Personal Injury *(Please specify):* _____
   7. ☐ Products Liability
   8. ☐ Products Liability – Asbestos
   9. ☐ All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Craig Kawaguchi | : | CIVIL ACTION |
| v. | : | |
| State Farm Mutual Automobile Insurance Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X)

| | | |
|---|---|---|
| 05/14/2025 | Lauren Glynn | State Farm Mutual Automobile Insurance company |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-735-3994 | 215-735-1133 | LGlynn@gmrlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA**

| | |
|---|---|
| **CRAIG KAWAGUCHI** | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| **STATE FARM MUTUAL AUTOMOBILE** | : |
| **INSURANCE COMPANY** | :    No. |
| _____ | : |

**DISCLOSURE STATEMENT FORM**

Please check one box:

X        The nongovernmental corporate party, State Farm Mutual Automobile Insurance Company, in the above listed civil action, does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

         The nongovernmental corporate party, _____ in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

__05/14/2025_____                                   *Lauren Glynn, Esquire*

Date                                                                Signature

                                              Counsel for:   State Farm Mutual Automobile Insurance Company

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA**

| | |
|---|---|
| **CRAIG KAWAGUCHI** : | |
| : | |
| : | |
| **v.** : | |
| : | |
| : | |
| **STATE FARM MUTUAL AUTOMOBILE** : | |
| **INSURANCE COMPANY** : | No. |
| _____ : | |

## NOTICE OF REMOVAL

AND NOW, comes the Defendant, State Farm Mutual Automobile Insurance Company [hereinafter "State Farm"], for the purpose only of removing this case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1. This is a civil action filed and now pending in the Court of Common Pleas of Montgomery County, Pennsylvania, No. 2025-06543.

2. The action was initiated by the filing of a complaint on March 31, 2025. *A copy of the Complaint is attached hereto as Exhibit A.*

4. State Farm is now and was at the time the Plaintiff commenced this action and filed their Complaint, a corporation organized under the laws of the State of Illinois with its principal place of business in Illinois, and therefore, is a citizen of Illinois for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

5. Plaintiff's Complaint asserts one claim against State Farm in the form of a breach of contract claim based on Plaintiff's claim for underinsured motorist benefits from an alleged motor vehicle accident Plaintiff was involved in that occurred on August 10, 2023. *See Exhibit A.*

6. The breach of contract claim alleges that Plaintiffs are entitled to an award in excess of $50,000 and that the policy provided $100,000 in underinsured motorist coverage. *See Exhibit A.*

7. Moreover, Plaintiff is alleging injuries resulting from the underlying accident to multiple parts of the body including his back, feet, abdomen, and nervous sysmte. *See Exhibit A ¶ 8.*

8. Pursuant to 28 U.S.C. § 1332 the amount in controversy between Plaintiff and State Farm is in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of interest and costs, based upon the aggregate amount of Plaintiff's claims against State Farm given the amount of coverage and injuries alleged.

9. This is a suit of civil nature and involves a controversy between citizens of different states. Plaintiff is a citizen of the Commonwealth of Pennsylvania. Defendant, State Farm, is a citizen of the State of Illinois.

10. 28 U.S.C. §1446(b) provides that:

> (1) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

11. State Farm files this Notice of Removal pursuant to 28 U.S.C. §1446(b)(43).

12. This notice of removal is being filed within thirty (30) days of State Farm's notice of Plaintiff's Complaint, which is timely filed pursuant to 28 U.S.C. § 1446(b)

13. The averments made herein are true and correct with respect to the date upon which the complaint was filed, the date upon which State Farm was served with Plaintiff's Complaint, and the date upon which this notice is being filed.

14.   Pursuant to 28 U.S.C. § 1446(d), State Farm has filed this Notice with this Court and is simultaneously serving a copy of this Notice upon counsel for all parties and is filing a copy in the Court of Common Pleas of Montgomery County, Pennsylvania.

WHEREFORE, State Farm Mutual Automobile Insurance Company hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

GOLDBERG, MILLER & RUBIN P.C.

BY: *Lauren Glynn, Esquire*
Lauren Glynn, Esquire
I.D. NO. 312038
Suite 1600, North American Building
121 South Broad Street
Philadelphia, PA 19107
(215) 735-3994
Attorney for Defendant
State Farm Mutual Automobile Insurance Company

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA**

| | |
|---|---|
| **CRAIG KAWAGUCHI** : | |
| : | |
| v. : | |
| : | |
| **STATE FARM MUTUAL AUTOMOBILE** : | |
| **INSURANCE COMPANY** : | No. |
| _____ : | |

## NOTICE TO ALL PARTIES

To:   Craig Kawaguchi
       c/o Hailey Tutton, Esquire
       Morgan and Morgan Philadelphia, PLLC
       2005 Market Street
       Suite 350
       Philadelphia, PA 19103

Please take notice that defendant, State Farm Mutual Automobile Insurance Company, by its attorneys Goldberg, Miller & Rubin, P.C. has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania removing to that Court a Civil Action previously pending in the Court of Common Pleas of Montgomery County, No. 2025-06543 captioned Craig Kawaguchi v. State Farm Mutual Automobile Insurance Company.

GOLDBERG, MILLER & RUBIN P.C.

BY: *Lauren Glynn, Esquire*
       Lauren Glynn, Esquire
       I.D. NO.  312038
       Suite 1600, North American Building
       121 South Broad Street
       Philadelphia, PA  19107
       (215) 735-3994
       Attorneys for Defendant,
       State Farm Mutual Automobile Insurance Company

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA**

| | |
|---|---|
| **CRAIG KAWAGUCHI** | : |
| | : |
| | : |
| v. | : |
| | : |
| | : |
| **STATE FARM MUTUAL AUTOMOBILE** | : |
| **INSURANCE COMPANY** | :    No. |
| _____ | : |

**PROOF OF FILING**

COMMONWEALTH OF PENNSYLVANIA    :

COUNTY OF PHILADELPHIA    :

Lauren Glynn, Esquire, being duly sworn according to law, deposes and says that she is an attorney in the law firm of Goldberg, Miller & Rubin, P.C. attorneys for Defendant, State Farm Mutual Automobile Insurance Company and that she did direct the filing with the Prothonotary of the Court of Common Pleas of Montgomery County a copy of the Notice of Removal attached hereto, said filing to be made on May 14, 2025.

GOLDBERG, MILLER & RUBIN P.C.

BY: *Lauren Glynn, Esquire*
Lauren Glynn, Esquire
I.D. NO. 312038
Suite 1600, North American Building
121 South Broad Street
Philadelphia, PA 19107
(215) 735-3994
Attorneys for Defendant,
State Farm Mutual Automobile Insurance Company

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNYSLVANIA**

| | |
|---|---|
| **CRAIG KAWAGUCHI** : | |
| : | |
| v.  : | |
| : | |
| **STATE FARM MUTUAL AUTOMOBILE** : | |
| **INSURANCE COMPANY** : | No. |
| : | |

  Lauren Glynn, Esquire, after being first duly sworn upon oath, deposes and says that she is a partner in the law firm of Goldberg, Miller & Rubin, P.C. attorneys for the Defendant, State Farm Mutual Automobile Insurance Company, and that she did serve on May 14, 2024 the aforementioned Notice to all parties listed below depositing a copy of same in the United States Post Office box, postage pre-paid, enclosed in an envelope plainly addressed to:

  Craig Kawaguchi
  c/o Hailey Tutton, Esquire
  Morgan and Morgan Philadelphia, PLLC
  2005 Market Street
  Suite 350
  Philadelphia, PA 19103

      GOLDBERG, MILLER & RUBIN P.C.

    BY: *Lauren Glynn, Esquire*
      Lauren Glynn, Esquire
      I.D. NO. 312038
      Suite 1600, North American Building
      121 South Broad Street
      Philadelphia, PA  19107
      (215) 735-3994
      Attorneys for Defendant,
      State Farm Mutual Automobile Insurance Company

# EXHIBIT A

Case 2:25-cv-02461-WB   Document 1   Filed 05/14/25   Page 13 of 20

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CRAIG KAWAGUCHI

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

NO. 2025-06543

## NOTICE TO DEFEND – CIVIL

    You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CRAIG KAWAGUCHI

vs.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

NO. 2025-06543

# CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas. The information provided herein is used solely as an aid in tracking cases in the court system. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney: CRAIG KAWAGUCHI, Pro Se

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**   [ ] Yes   [X] No

**MDJ Appeal**   [ ] Yes   [X] No    **Money Damages Requested** [X]

**Commencement of Action:** Complaint

**Amount in Controversy:** More than $50,000

## Case Type and Code

Contract: _____

Other _____

**Other:** UNDERINSURED MOTORIST

Case# 2025-06543-0 Docketed at Montgomery County Prothonotary on 03/31/2025 12:30 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2025-06543-0 Docketed at Montgomery County Prothonotary on 03/31/2025 12:30 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| **MORGAN & MORGAN**<br>Hailey Tutton<br>Attorney I.D. 327497<br>2005 Market Street, Suite 350<br>Philadelphia, PA 19103<br>(445) 201-8586<br>(445) 201-8686 (FAX)<br>hailey.tutton@forthepeople.com | *Attorney for Plaintiff,*<br>Craig Kawaguchi |

| | | |
|---|---|---|
| **CRAIG KAWAGUCHI**<br>655 School House Road<br>Telford, PA 18969 | : | **MONTGOMERY COUNTY**<br>**COURT OF COMMON PLEAS**<br>**CIVIL DIVISION** |
| *Plaintiff,* | : | |
| vs. | : | **JURY TRIAL DEMANDED** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**<br>One State Farm Plaza<br>Bloomington, IL 61710 | : | **NO.** |
| *Defendant.* | : | |

## COMPLAINT

1. The Plaintiff herein is Craig Kawaguchi (hereinafter "Plaintiff"), an adult individual who currently resides at the above captioned address.

2. At all times material hereto, Defendant State Farm Mutual Automobile Insurance Company (hereinafter "Defendant State Farm") is a corporate entity licensed to write insurance in the Commonwealth of Pennsylvania.

### FACTUAL BACKGROUND

3. On or about August 10, 2023, Plaintiff was a victim of a motor vehicle accident caused by a tortfeasor who was underinsured at the time of the accident, Mary Dao (hereinafter referred to as "Underinsured Tortfeasor").

Case# 2025-06543-0 Docketed at Montgomery County Prothonotary on 03/31/2025 12:30 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

4. On or about Thursday, August 10, 2023, at approximately 3:42 AM, Plaintiff was lawfully operating a motor vehicle eastbound on Welsh Road in Montgomery County, Pennsylvania.

5. At that time and place, Plaintiff approached and entered the intersection of Welsh Road and Route 309 while traveling through a steady green traffic signal.

6. Simultaneously, the Underinsured Tortfeasor was operating a motor vehicle exiting Route 309 northbound and attempted to make a left turn across eastbound traffic on Welsh Road.

7. The Underinsured Tortfeasor, failed to yield the right-of-way to oncoming traffic and unlawfully initiated a left turn directly into the path of Plaintiff's vehicle.

8. As a direct and proximate result of the negligence of Underinsured Tortfeasor herein, Plaintiff was caused to sustain serious and permanent injuries, including, but not limited to, the following:

   a. Thoracic pain
   b. Left foot pain
   c. Abdominal pain
   d. Lumbar pain including radiculopathy
   e. Lumbar stenosis
   f. Nerve root crowding at L3-4 and L4-5
   g. Neuropathy in both feet

9. As a direct and proximate result of the aforementioned injuries sustained due to the negligence of Underinsured Tortfeasor herein, Plaintiff was required to undergo significant medical treatment including surgery.

Case# 2025-06543-0 Docketed at Montgomery County Prothonotary on 03/31/2025 12:30 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

10. As a further result of his injuries, Plaintiff has suffered severe physical pain, mental anguish, and embarrassment and humiliation, and may continue to suffer the same for an indefinite time into the future.

11. As a further result of his injuries, Plaintiff has or may be obliged to expend various sums of money for medical treatment, surgeries, injections, medicines, osteopathic services, diagnostic testing, nursing and psychological care, certain prosthesis, other medical equipment, and replacement services and those which are not covered by, or which are in excess of those provided for in accordance with 75 Pa. C.S. Chapter 17 Section 1711 et seq.

12. As a further result of the accident, Plaintiff has or may hereafter incur other financial expenses or sustain losses including but not limited to work loss and loss of earning capacity which do or may exceed amounts that Plaintiff may otherwise be entitled to recover.

13. Plaintiff is eligible to seek full financial compensation for non-economic loss claimed and economic losses sustained in a motor vehicle accident as a consequence and result of the fault of others, the defendant herein, pursuant to applicable tort law.

## INSURANCE FACTUAL HISTORY

14. The liability insurance carrier for Underinsured Tortfeasor tendered its individual policy limits for Plaintiff in the amount of $50,000.

15. On or about February 17, 2025, Defendant State Farm sent correspondence granting permission to settle the third-party claim.

16. At all times relevant hereto, Plaintiff was insured under a policy issued and underwritten by Defendant State Farm, with a Policy Number of 268 2049-E02-38A (hereinafter the "State Farm Policy") issued under the motor Vehicle Financial Responsibility Law of the

Case# 2025-06543-0 Docketed at Montgomery County Prothonotary on 03/31/2025 12:30 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Commonwealth of Pennsylvania (hereinafter "MVFRL"). *See* Declaration Page attached as Exhibit 1.

17. Plaintiff, at all times relevant hereto, had elected "Underinsured Motorist" (hereinafter UIM) coverage.

18. At all times relevant hereto, Plaintiff complied with the terms and conditions of the insurance contract with Defendant State Farm.

## COUNT I
## BREACH OF CONTRACT
## PLAINTIFF v. DEFENDANT

19. The preceding paragraphs are incorporated herein by reference as if fully set forth above.

20. At the time of the collision, Plaintiff had a car insurance policy through Defendant State Farm. Said policy is in the possession of Defendant State Farm.

21. Defendant State Farm has failed to objectively and reasonably evaluate the claim.

22. Defendant State Farm has failed to reasonably investigate the Plaintiff's claims inasmuch as thorough and proper inquiry would have revealed that he sustained injuries, damages, and losses which reasonable compensation would have required an offer of the policy limits.

23. For all the reasons set forth above, Defendant State Farm violated its obligations under the Policy, directly leading to the harm and damages suffered by Plaintiff.

**WHEREFORE**, Plaintiff prays for judgment in Plaintiff's favor and against Defendant in an amount in excess of the jurisdictional threshold plus all costs and other relief this court deems necessary.

Case# 2025-06543-0 Docketed at Montgomery County Prothonotary on 03/31/2025 12:30 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

                                                                                                                     Respectfully submitted,

                                                                                                                     **MORGAN & MORGAN**

DATE: 3/31/2025                                                             By:    */s/ Hailey Tutton*
                                                                                                            HAILEY TUTTON
                                                                                                            *Attorney for Plaintiff*

5

Case# 2025-06543-0 Docketed at Montgomery County Prothonotary on 03/31/2025 12:30 PM, Fee = $290.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

I, Hailey Tutton, Attorney for Plaintiff, verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information, and belief. I make this verification subject to 18 Pa. C. A. 4904, and I understand that the above statements, if false, are subject to the penalties under 4904, relating to unsworn falsification to authorities.

Date: 3/31/2025

/s/ *Hailey Tutton*
Hailey Tutton, Esq.